IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lisa G. Mills,<br><br>      Plaintiff,<br>vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>      Defendant. | Civil Action No. 4:17-cv-1688-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed July 13, 2018, recommends the decision of the Commissioner be affirmed. ECF No. 27. On August 2, 2018, Plaintiff filed objections to the Report. ECF No. 32. On August 15, 2018, the Commissioner filed a response to Plaintiff's objections. ECF No. 35. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**<u>Standard</u>**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

2

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

Plaintiff applied for DIB on July 26, 2013, alleging disability as of November 30, 2012 due to bulging disks, stenosis, chronic neck pain, nerve damage in right arm, scoliosis, hip pain, depression, anxiety, panic attacks, and migraines. R[2]. at 24, 229. Plaintiff's application was denied initially and upon reconsideration. On November 19, 2015, a hearing was held before an Administrative Law Judge ("ALJ").[3] On January 6, 2016, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act from the alleged onset date through the date of decision. Plaintiff requested review by the Appeals Council, which was denied, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action June 27, 2017. ECF No. 1.

---

[2] Citations to the Record are denoted by "R."

[3] Plaintiff amended her alleged onset date to December 1, 2012 at her hearing. R. at 24.

3

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision. Plaintiff objects to the Report, arguing: (1) the ALJ erred in rejecting Plaintiff's testimony she could not afford continual mental health treatment; (2) the ALJ erred in rejecting Plaintiff's treating physician, Dr. Duc's, opinion of disability; and (3) the Magistrate Judge erred in finding the ALJ properly evaluated Plaintiff's subjective complaints. ECF No. 32. The Commissioner argues Plaintiff's objections essentially rehash arguments made in her brief before the Magistrate Judge, and requests the court adopt the Report. ECF No. 35.

*1) Continual Treatment*

Plaintiff objects to the ALJ's rejection of her reasons for not pursuing continual mental health treatment for her depression and anxiety. The ALJ found Plaintiff's testimony regarding her lack of funds for a counselor because of her new vascular disease unpersuasive in part because Plaintiff continued to smoke cigarettes, "indicating at least some potential disposable income." R. at 33.

As noted by the ALJ and the Magistrate Judge, Plaintiff received treatment from multiple doctors during the time she testified she could not afford her co-payment for mental health services. In addition, Plaintiff's use of resources to purchase cigarettes can undermine claims she is unable to afford treatment. *See, e.g., Hill v. Colvin*, 2015 WL 5147604, at *6 (E.D.N.C. Aug. 10, 2015); *Mayle v. Astrue*, 2007 WL 2485383, at *21 (D.S.C. Dec. 3, 2007). However, even when Plaintiff was able to see mental health providers consistently, no significant abnormal mental status findings were noted, and Plaintiff's depression and anxiety were treated with medication. The ALJ also

4

took Plaintiff's mental impairments and subjective psychological complaints into account when formulating her RFC, limiting her to performing simple routine tasks and making simple decisions. R. at 35. Therefore, even if the ALJ erred by discounting Plaintiff's testimony based on her ability to afford cigarettes, the court finds this error harmless. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (holding an ALJ's error harmless where the ALJ "would have reached the same conclusion notwithstanding the initial error"); *King v. Colvin*, No. 6:12-cv-3043, 2014 WL 906795 (D.S.C. Mar. 7, 2014) ("The court agrees with [Plaintiff] that her inability to afford care may be a sufficient reason for failing to seek treatment, however, the court finds that, in this case, the ALJ's interpretation of this one factor was harmless error. [Plaintiff's] failure to seek further medical treatment was one factor the ALJ considered, but not the only factor or even the deciding factor.")

### 2) *Treating Physician's Opinion*

Dr. Duc offered an opinion in support of Plaintiff's claim of disability. His first statement, which appears to have been provided in 2013 in support of her application for short term disability from her employer, conveys Dr. Duc's opinion Plaintiff "is and has been completely and totally disabled from performing her own occupation, consistent with the definition of disability above, or any occupation." R. at 429-32. Dr. Duc specifically noted his opinion was based upon Plaintiff's "above described medical conditions, the symptoms she suffers, and my knowledge of her job duties." R. at 432. A "Restrictions Form" from Liberty Mutual, dated December 10, 2012, states Plaintiff was unable to work at that time due to "failed neck surgery" and "depression of [*sic*] chronic pain." R. at 509. The final statement, dated August 17, 2018, is a "check-the-box" form submitted for the purpose of Plaintiff's Social Security disability claim. R. at 523-29. Dr.

5

Duc checked boxes indicating Plaintiff would be absent from work four or more days per month due to her symptoms; her maximum ability to sustain work activity at any exertional level due to combination of impairments was "none"; and her prognosis for return to full time work was "guarded." R. at 529. He indicated Plaintiff needed frequent position changes (but did not respond to the inquiry "if present, please indicate how frequently"), could sit less than two hours in an eight hour work day, and could stand or walk less than two hours in an eight hour work day. R. at 525-26.

The ALJ gave little weight to Dr. Duc's opinions regarding disability, as the "degree of limitation reported by Dr. Duc in these statements is not consistent with the evidence as a whole, including the abnormalities demonstrated on the above referenced imaging studies of claimant's spine and the medical findings documented in Dr. Duc's own treatment records." R. at 36-37. The ALJ noted Dr. Duc treated Plaintiff for several years, yet his treatment records "document few significant abnormal clinical findings." R. at 37. Reviewing each opinion statement individually, the ALJ indicated the statement at exhibit 14F was completed in relation to a private disability policy, and eligibility for those benefits is based on different standards than those of the Social Security Administration. *Id.* Further, the ALJ reasoned the determination of disability is reserved to the ALJ. Opinions in exhibits 22F and 24F were discounted by the ALJ because Dr. Duc did not cite abnormal medical findings or otherwise provide substantive rationale in support of his opinions that Plaintiff is unable to perform sedentary work, and because the treatment records "do not document abnormalities corroborating limitations as described." *Id.*

Plaintiff objected to the ALJ's assignment of little weight to Dr. Duc's opinions, arguing (1) imaging studies do not reveal impairments due to migraine headaches; (2) Dr. Duc did articulate functional limitations, although the ALJ said he did not; and (3) Dr. Duc's opinions addressed the consistency between Plaintiff's limitations and the medical evidence, including records from other treating physicians. ECF No. 32. The court finds these arguments unavailing for the following reasons. First, Dr. Duc only references migraines in exhibit 14F; his opinions at exhibits 22F and 24F do not mention, much less opine, Plaintiff is disabled due to her migraine headaches. R. at 429 (including migraines as a diagnosis from which Plaintiff suffers); 509 (listing medical findings supporting the noted restrictions as "failed neck surgery" and "depression of [*sic*] chronic pain"); 523 (assessing "work-related functional limitations caused by a combination of" DDD cervical spine, BUE radiculopathy, LBP, chronic pain, side effects of medication, sleep disturbance, peripheral vascular disease/ venous insufficiency, and history of left foot surgery and toe fracture). Similarly, the ALJ noted Dr. Duc's failure to articulate specific functional limitations in exhibit 14F only; his opinions at exhibits 22F and 24F do discuss functional limitations, as cited by the ALJ.

Finally, it is apparent the ALJ considered Plaintiff's treatment records when evaluating Dr. Duc's opinions. However, he found the opinions unavailing because of the lack of substantive rationale in support of the limitations Dr. Duc proposed, and because the treatment notes do not reveal abnormalities that would result in such limitations. R. at 37. The Magistrate Judge determined the ALJ "directly addresses the factor of the supportability and consistency of the source's opinion with respect to all of the evidence of record," and noted his findings were

supported by substantial evidence. This court agrees and will not disturb the weight assigned to this medical opinion. *See Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion." (*citing Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992) *and* 20 C.F.R. § 404-1527(d)).

### 3) *Credibility Determination*

Plaintiff argues the court should not adopt the Report's finding regarding credibility and instead should find "the ALJ's evaluation was based on a selective citation of the record to claim a lack of objective evidence, unjustified faulting of Ms. Mills for intermittent treatment with Dr. Duc when that treatment consistently took place over several years, and wrongly relied on a failure to return to Dr. Austin[4]." ECF No. 32 at 8 (internal citations omitted). She notes the evidence the ALJ did not consider supports her subjective allegations. Therefore, Plaintiff argues, substantial evidence does not support the ALJ's credibility determination and remand is required. *Id.* at 9.

However, it is clear the ALJ considered Plaintiff's testimony regarding her pain in conjunction with the medical records. R. at 31-34. The opinion discussed Plaintiff's medical records at length, and her testimony at the hearing and in submitted documents, noting in part she did not report limited ability to perform activities to her physicians and in fact reported fairly good pain relief from the monthly injections she received from Dr. Duc. R. at 32, 34. The ALJ found

---

[4] This issue is more fully discussed above. *See* Continual Treatment, *supra*.

Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Id.* at 31.

While Plaintiff testified her pain ranges from 1-8 on a scale of 8 and that the more mobile she is the more pain she has, the ALJ noted the medical records show the objective findings are not entirely consistent with the severity and duration of pain Plaintiff describes. The ALJ specifically cited records, among many others, showing only slight progression of degenerative changes in October 2014, no further significant abnormalities in June 2015, and a neurosurgery finding that month that her "symptoms were out of proportion to her imaging." R. at 31. Plaintiff complains the Magistrate Judge did not properly and fully analyze the ALJ's credibility determination. However, that is not the province of the court: as long as substantial evidence supports a credibility determination, the court may not substitute its own judgment. Such is the case here.

## **Conclusion**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

> s/Cameron McGowan Currie
> CAMERON MCGOWAN CURRIE
> Senior United States District Judge

Columbia, South Carolina
August 21, 2018